UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIA WALTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:12CV139 LMB |
| | ) |
| GEICO GENERAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand this case to the Circuit Court of St. Louis County, Missouri. (Doc. No. 13). Defendant has filed a Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. No. 16), and plaintiff has filed a Reply (Doc. No. 17). This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c).

### Background

Plaintiff alleges in Count I of her Petition that she was injured on October 25, 2011, when an underinsured motorist, David V. Bauer, negligently collided into the vehicle plaintiff was driving. As a result of Mr. Bauer's negligence, plaintiff sustained serious injuries to her head, neck, shoulders, arms, back, legs, and spine. At the time of the collision, Mr. Bauer was covered under an automobile policy of insurance with Progressive Insurance Company ("Progressive"), which provided liability coverage of $50,000.00 per person. Plaintiff has settled her claim with Mr. Bauer for this policy limit, but the $50,000.00 payment issued by Progressive was not enough to fully compensate plaintiff for her damages. Plaintiff's policy with her own insurance company, Defendant Geico, provides underinsured motorist coverage of $100,000.00 per person. Plaintiff was an insured under the terms

of the Geico policy at the time the injury arose and is entitled to recover underinsured benefits under the policy. Defendant has refused to offer plaintiff the full or the fair amount of the coverage under the policy, and said refusal is in breach of contract. Plaintiff prays for judgment against defendant in an amount in excess of $25,000.00.[1]

In Count II, plaintiff states that she sent a claim for payment for the $100,000.00 underinsured motorist policy limit. Plaintiff states that defendant, in a June 20, 2012 letter, acknowledged plaintiff's claim was worth a minimum of $5000.000, but defendant has not paid plaintiff said sum in bad faith while the amount in dispute is decided. Plaintiff alleges that defendant's refusal to pay her the benefits to which she is entitled under the applicable insurance policy is vexatious and without good reason. Plaintiff requests a sum in excess of $25,000.000 and additional statutory penalties of twenty percent on the first $1,500.00 of the award on the policy and ten percent on the remainder of any award. She also requests an award of reasonable attorney's fees, as provided by Mo.Rev.Stat. § 375.420.

On August 21, 2012, defendant removed the lawsuit to this court. (Doc. No. 1). Defendant asserts that this court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because this is a controversy between citizens of different states and the matter in controversy exceeds the sum of $75,000.00.

On September 7, 2012, plaintiff filed a Motion to Remand, in which she argues that the amount in controversy does not exceed $75,000.00. (Doc. No. 13).

---

[1] See Mo.S.Ct.R. 55.05 (requiring that, in certain cases, no specific dollar amount be named in the demand "except to determine the proper jurisdictional authority"); Mo.S.Ct.R. 55.19 (no specific amount should be included in the demand "but the prayer shall be for such damages as are fair and reasonable").

**Discussion**

**1. Standard**

Defendant, as the party seeking removal and opposing remand, has the burden of establishing federal subject matter jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009); In re Business Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assurance Co., 992 F.2d at 183; Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 139 L. Ed. 2d 753, 118 S. Ct. 852 (1998)).

**2. Plaintiff's Motion**

In her Motion to Remand, plaintiff claims that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional minimum.[2] See 28 U.S.C. §1332. Specifically, plaintiff argues that, under the applicable policy provisions and limitations of defendant's policy, the maximum underinsured benefits plaintiff can recover are $50,000.00. Plaintiff states that defendant has raised this policy provision as an affirmative defense to plaintiff's Petition.

A party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003). To satisfy the preponderance of the evidence standard, the party seeking removal must

---

[2]Both sides agree that there is diversity between the parties.

offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).

Defendant asserts that the jurisdictional amount has been met. Defendant argues that, based on the pre-suit and post-suit correspondence between plaintiff and defendant, it is evident that plaintiff is claiming compensatory damages well in excess of $75,000.00. Defendant notes that this is further evidenced by plaintiff's description of her injuries in her Complaint. Finally, defendant states that plaintiff is also seeking statutory exemplary damages for vexatious refusal to pay, which if awarded, could also result in a verdict in excess of the jurisdictional requirement. Defendant argues that it is "certainly possible" that a jury could conclude that plaintiff is entitled to damages in excess of the jurisdictional amount.

In her Reply, plaintiff contends that defendant has failed to meet its burden to demonstrate that the amount in controversy exceeds $75,000.00. Plaintiff notes that she has submitted an Affidavit of plaintiff's counsel, in which he concedes that defendant's set-off language and affirmative defense is applicable, and that the underinsured motorist coverage available to plaintiff is only $50,000.00. (Pl's Ex. 5). Plaintiff contends that the maximum additional damages recoverable pursuant to Section 375.420 RSMo are $5,150.00, plus attorney fees of $18,364.00, which would amount to a maximum recovery of $73,514.00. Plaintiff cites Turpin v. State Farm Mut. Auto Ins., 2011WL 2562076 (W.D. Mo. June 28, 2011), in support of her position.

In Turpin, the plaintiff in an underinsured motorist coverage action argued in her motion to remand that her recovery was limited to the stated policy limit of $50,000.00. 2011 WL 2562076, * 2. The plaintiff contended that, when statutory penalties and attorney fees in connection with her vexatious refusal to pay claim were added, she was entitled to a maximum of $73,514.00. Id. The Court noted that the case was limited by policy and statutory limits, and that the defendant did not dispute these limits cited by plaintiff. Id. at *3. The Court stated that, while

plaintiff's refusal to stipulate to a maximum recovery of under $75,000.00 may infer that a higher amount is being sought, it remained unclear due to the policy limits by which plaintiff purported to be bound. Id. The Court held that defendant failed to prove by a preponderance of the evidence that the amount would be higher. Id. The Court, therefore, granted plaintiff's motion to remand. Id.

> The policy at issue provides as follows, in relevant part:
>
> In no event will we pay more than the limits shown in the declaration for this coverage. If separate policies with us are in effect for you or any other person in your household, they may not be combined to increase the limit of liability for a loss. The most we will pay an insured for bodily injury is the limit of liability reduced by all sums:
>
> a) Paid because of the bodily injury by or on behalf of the persons or organizations who may be legally responsible;
> b) Paid or payable under the Bodily Injury, Medical Payments, or Uninsured Motorist Coverage of the policy, or
> c) Paid or payable under any disability benefits or similar law.

Pl's Ex. 4 p. 2.

In its Answer, defendant alleges as an affirmative defense that it is entitled to a reduction of its $100,000.000 policy limits by the payment of $50,000.00 made by David Bauer and Progressive Insurance Company, pursuant to the language of the policy cited above. Plaintiff has submitted the Affidavit of her counsel, Zane T. Cagle, in which he states that the auto insurance agreement at issue provides limitations of liability or set-off from the settlement proceeds obtained from the at-fault driver in the amount of $50,000.00. (Pl's Ex. 5). Mr. Cagle further states that the maximum recovery available to plaintiff arising out of the auto insurance agreement at issue in this case is $50,000.00. (Id.).

The undersigned finds that defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. While plaintiff's demand offer sought the policy limit of $100,000.00, plaintiff's attorney has since

conceded in a sworn Affidavit that the policy's set-off provision applies to limit plaintiff's recovery to $50,000.00. Plaintiff indicates that, when statutory penalties and attorney fees are added, her maximum recovery amounts to $73,514.00. Defendant's contention that it is "certainly possible that a jury could conclude that Plaintiff is entitled to damages in excess of $75,000.00" (Doc. No. 16, p. 2) is insufficient to establish by a preponderance of the evidence that plaintiff's recovery will exceed the statutory limits and limits of the policy to meet the jurisdictional amount. See Turpin, 2011 WL 2562076, * 3. Thus, this action must be remanded to state court. Plaintiff's request for attorney's fees incurred in connection with the removal will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand (Doc. No. 13) be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's request for attorney's fees be and it is **denied.**

**IT IS FURTHER ORDERED** that the instant cause of action is **remanded** to the Circuit Court of St. Louis County, Missouri, for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court for the Eastern District of Missouri provide the Clerk of Court for the Circuit Court of St. Louis County, Missouri a certified copy of this Memorandum and Order.

Dated this 23rd day of January 2013.

                                              */s/ Lewis M. Blanton*
                                              LEWIS M. BLANTON
                                              UNITED STATES MAGISTRATE JUDGE